UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>MATTHEW DESCAMPS,<br><br>        Defendant. | No. CR-05-104-FVS<br><br>ORDER |

**THE DEFENDANT** has filed a number of motions. These came before the Court without oral argument on October 26, 2005.

**BACKGROUND**

The defendant has been convicted of more than one felony. He allegedly possessed a firearm on March 25, 2005. On May 10, 2005, an indictment was filed charging him with a violation of 18 U.S.C. § 922(g). He is in the custody of the United States Marshals Service awaiting trial.

**REQUEST TO FILE A CRIMINAL CHARGE OR INSTITUTE A CIVIL RIGHTS ACTION**

The defendant may be seeking to institute a federal perjury prosecution. If so, his motion must be denied because only a grand jury has such authority. *See, e.g., United States v. Navarro-Vargas*, 408 F.3d 1184, 1199-1202 (9th Cir.2005). Alternatively, the defendant may be seeking to institute a federal civil rights action

ORDER - 1

under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). If so, his motion must be denied because, in light of *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), the criminal charge pending against him must first be resolved. *Cf. Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir.2000) ("We . . . hold that *Heck* applies to pending criminal charges, and that a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist.").

**SUPPRESSION OF EVIDENCE**

The defendant has filed several suppression motions. Each alleges that law enforcement officers obtained evidence in violation of the Constitution. However, the defendant's allegations are too vague to permit the Court to determine whether he is entitled to an evidentiary hearing, much less whether a constitutional violation occurred. *Cf. United States v. Ramirez-Garcia*, 269 F.3d 945, 947 (9th Cir.2001) ("An evidentiary hearing must be held only when the moving papers allege facts which are sufficiently definite, clear, and specific to enable the trial court to conclude that contested issues of fact exist.").

**VALIDITY OF THE INDICTMENT**

The defendant seems to be seeking dismissal of the indictment under Federal Rule of Criminal Procedure 12(b)(3). However, his allegations are too vague to permit the Court to determine whether he

ORDER - 2

is entitled to relief.

**PETITION FOR HABEAS RELIEF**

The defendant has failed to demonstrate he is being detained in violation of the Constitution or laws of the United States.  As a result, he is not entitled to habeas relief.  28 U.S.C. § 2241(c)(3).

**IT IS HEREBY ORDERED:**

1. The defendant's "Motion & Criminal Complaint" (**Ct. Rec. 29**) is denied.

2. The defendant's "Motion to Suppress" (**Ct. Rec. 30**) is denied as premature.

3. The defendant's motion to amend/correct indictment **(Ct. Rec. 31**) is denied.

4. The defendant's motion to dismiss the indictment (**Ct. Rec. 32**) is denied.

5. The defendant's motion to suppress (**Ct. Rec. 40**) is denied as premature.

6. The defendant's "Motion & Collateral Attack" (**Ct. Rec. 43**) is denied.

7. The defendant's "Motion to Dismiss" (**Ct. Rec. 57**) is denied.

8. The defendant's petition for a writ of habeas corpus (**Ct. Rec. 60**) is denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this __26th__ day of October, 2005.

                                         s/Fred Van Sickle
                                         Fred Van Sickle
                                  United States District Judge

ORDER - 3