UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

MATTHEW R. DESCAMPS,

Defendant.

No. CR-05-104-FVS

ORDER

**THIS MATTER** came before the Court on February 27, 2007, based upon the defendant's motion to dismiss. He was represented by Phillip J. Wetzel. The government was represented by Stephanie Whitaker.

**PARTIAL CHRONOLOGY**

May 10, 2005: The indictment was filed.

June 29, 2005: The defendant's first attorney, Christina Hunt, filed a motion requesting a competency evaluation.

October 5, 2005: Ms. Hunt moved to withdraw.

October 11, 2005: The Court granted Ms. Hunt's motion. Phillip J. Wetzel was appointed to represent the defendant.

February 22, 2006: The Court ruled that the government failed to demonstrate that the defendant is competent to stand trial.

February 22, 2006: The Court directed the Attorney General to hospitalize the defendant for a period of up to four months in order to determine whether there is a substantial probability that he will become competent.

March 1, 2006: The defendant filed a notice of appeal.

March 23, 2006: The defendant arrived at the U.S. Medical Center for Federal Prisoners.

October 4, 2006: The Court held a hearing to review the status of the case. Given the defendant’s appeal, the Court asked counsel to submit memoranda regarding jurisdiction.

October 11, 2006: James K. Wolfson, M.D., submitted a “Clinical Update.” He requested additional time to evaluate the defendant.

October 13, 2006: The Court authorized the Attorney General to retain the defendant at the U.S. Medical Center for Federal Prisoners until November 17, 2006.

December 18, 2006: The Court held a hearing to review the status of the case. The government indicated that Dr. Wolfson had not completed his report.

January 19, 2007: The Court held a hearing to review the status of the case. The government indicated that Dr. Wolfson had not completed his report.

February 12, 2007: The Court conducted the first phase of a hearing regarding the defendant's competence. Dr. Wolfson testified.

February 20, 2007: The Ninth Circuit denied the defendant's appeal.

February 27, 2007: The Court conducted the second phase of a hearing regarding the defendant's competence. R. Mark Mays, Ph.D., testified.

**NO BASIS FOR EXCLUDING EVIDENCE**

The Court committed the defendant to the custody of the Attorney General for a period of up to four months. 18 U.S.C. § 4241(d). The Attorney General sent him to the U.S. Medical Center for Federal Prisoners at Springfield, Missouri. The staff at the U.S. Medical Center (arguably) did not complete a report in a timely manner.[1] As a result, the defendant urges the Court to do the following: exclude Dr. Wolfson's report; find that the government has failed to establish that he will become competent to stand trial in the foreseeable future; and proceed to determine, pursuant to 18 U.S.C. § 4246, whether he should be detained or released. The defendant's requests are either unjustified or premature. To begin with, there is no basis for excluding Dr. Wolfson's report. The Court will consider it to the extent permitted by the Federal Rules of Evidence. If, after considering the evidence, the Court decides that the defendant is not (and will not become) competent, the Court will schedule a § 4246 hearing. At this juncture, however, the defendant's request for a § 4246 hearing is premature.

**NO SPEEDY TRIAL VIOLATION**

The defendant acknowledges that the delay which is excludable

[1] This depends, in part, upon whether the defendant's interlocutory appeal tolled the Court's order of February 22, 2006.

under 18 U.S.C. § 3161(h)(1)(A) for competency proceedings is not limited to the four-month period authorized by 18 U.S.C. § 4241(d)(1). *United States v. Miranda*, 986 F.2d 1283, 1285 (9th Cir.1993) ("section 3161(h)(1)(A) expressly excludes '*any period of delay*'" (emphasis added by Ninth Circuit)). Nevertheless, he argues that the delay which has occurred in this case goes well beyond what Congress intended. Perhaps so; but the 70-day clock has yet to expire. The clock was first tolled on June 29, 2005, when the defendant's former attorney moved for a psychiatric examination. 18 U.S.C. § 3161(h)(1)(F) (pretrial motions toll speedy trial clock). The following day, the Court entered an order directing the defendant to submit to a psychiatric examination. The order also tolled the speedy trial clock pending completion of competency proceedings. 18 U.S.C. § 3161(h)(1)(A). The defendant began filing motions on September 27, 2005. At this juncture, more than 20 remain unresolved pending resolution of the dispute over his competence. The defendant's motions also tolled the Speedy Trial clock. 18 U.S.C. § 3161(h)(1)(F). If these grounds are inadequate, there is at least one more. On March 1, 2006, the defendant filed a notice of appeal in order to obtain interlocutory review of the Court's order of February 22, 2006, finding him incompetent to stand trial. The Ninth Circuit did not deny the appeal until February 20, 2007. A strong argument can be made that the entire period during which the appeal was pending is excludable. 18 U.S.C. § 3161(h)(1)(E).

**NO OUTRAGEOUS GOVERNMENT CONDUCT**

The defendant argues that the failure of the staff of the U.S. Medical Center for Federal Prisoners to prepare a report more promptly reflects a flagrant and willful violation of the Court's orders. He

is incorrect. While the Court is frustrated by Dr. Wolfson's delay in completing his report, the delay was not willful. To the contrary, there were extenuating circumstances.

**IT IS HEREBY ORDERED:**

The defendant's motion to dismiss (**Ct. Rec. 193**) is denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this 8th day of March, 2007.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge