UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>MATTHEW R. DESCAMPS,<br><br>            Defendant. | No. CR-05-104-FVS<br><br>ORDER DENYING REQUEST FOR RECUSAL |

**THIS MATTER** came before the Court on August 10, 2007, based, in part, upon Matthew Descamps' request for recusal. He was represented by Jeffrey S. Niesen; the government by Stephanie Whitaker. This order serves to memorialize the Court's oral ruling.

**BACKGROUND**

Matthew R. Descamps moves the Court to recuse itself. In support of his motion, he writes:

> [O]ver the last 10-20 years I initiated lawsuits in the Federal Court against various officials and others. Judge Van Sickle, [sic] doesn't remember it but he dismissed several of those lawsuits writing that my claims were frivolous. In the instant criminal case when I have appeared before Judge Van Sickle he doesn't listen to me. He tells me to sit down and be quiet. Finally, I filed a federal lawsuit against Judge Van Sickle in the Eastern District of Washington.

(Defendant Descamps Decl., at 2.)

**RULING**

Mr. Descamps' factual allegations are not entirely correct. While he has filed at least thirteen actions in this District, only

ORDER DENYING REQUEST FOR RECUSAL - 1

one has been assigned to this Court.  On June 28, 2000, Mr. Descamps petitioned for a writ of habeas corpus while incarcerated in the Pend Oreille County Jail.  He sought permission to proceed in forma pauperis ("IFP").  The Court determined that he was not eligible for IFP status and ordered him to pay the $5.00 filing fee.  He did not do so.  As a result, the Court dismissed his habeas petition without prejudice.

With this clarification in mind, it is appropriate to turn to the governing statute.  Subsection (a) of 28 U.S.C. § 455 provides that a district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Although Mr. Descamps may subjectively question the Court's impartiality, subjective belief, no matter how sincere, is not enough.  "The test for disqualification under § 455(a) is an objective one:  whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir.1983) (citing *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980)).  *See also F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1144 (9th Cir.2001) (same); *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir.1997) (same); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986) (same).

The Court has carefully considered the record in light of the preceding standard.  Having done so, the Court is satisfied that recusal is not warranted.  The ruling of which Mr. Descamps complains did not involve the merits of his habeas petition.  Furthermore, even if it had, a party may not obtain recusal based upon an adverse ruling.  *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir.1999).  Nor

may a party obtain recusal because, from time to time, the Court has had to admonish him to be quiet.  Interruptions and outbursts impede the orderly resolution of a case.  No judicial officer is required to ignore them in the name of fairness.  The fact that Mr. Descamps filed a civil action earlier this year against a number of persons, including the Court, does not change the outcome.[1]  "'[A] judge is not disqualified merely because a litigant sues or threatens to sue him.'" *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir.1981) (quoting *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir.1977), *cert. denied*, 435 U.S. 954, 98 S.Ct. 1586, 55 L.Ed.2d 806 (1978)), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558, 104 S.Ct. 1989, 80 L.Ed.2d 590 (1984).  As the Ninth Circuit emphasized in *Ronwin*, "[s]uch an easy method for obtaining disqualification should not be encouraged or allowed."  686 F.2d at 701.

**IT IS HEREBY ORDERED:**

Mr. Descamps' motions to recuse (**Ct. Recs. 180, 214, and 253**) are denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___17th___ day of August, 2007.

>                   s/ Fred Van Sickle
>                       Fred Van Sickle
>                 United States District Judge

---

[1] The case was assigned cause number CV-07-121-EFS.  The Honorable Edward F. Shea dismissed Mr. Descamps' complaint on June 14, 2007.  On June 28th, Mr. Descamps filed a notice of appeal.

ORDER DENYING REQUEST FOR RECUSAL - 3