UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

         v.

MATTHEW R. DESCAMPS,

                Defendant.

No. CR-05-104-FVS

ORDER DENYING MOTION TO DISMISS FOR FAILURE TO FILE INDICTMENT WITHIN 30 DAYS OF ARREST

**THIS MATTER** comes before the Court based upon the defendant's motion to dismiss on the ground that the government failed to file the indictment within 30 days of his arrest. He is represented by Jeffrey S. Niesen; the government by Stephanie Whitaker.

**BACKGROUND**

On March 25, 2005, the defendant was arrested by deputy sheriffs on state charges. He claims his arrest triggered 18 U.S.C. § 3161(b), which provides that a federal indictment must be filed within 30 days of the arrest. Since the government did not file an indictment until May 10th, the defendant argues that it should be dismissed.

**RULING**

Not all arrests trigger 18 U.S.C. § 3161(b); only a "federal arrest" does. *United States v. Benitez*, 34 F.3d 1489, 1493 (9th Cir.1994), *cert. denied*, 513 U.S. 1197, 115 S.Ct. 1268, 131 L.Ed.2d 146 (1995). "A federal arrest requires that the defendant be detained

pursuant to federal charges.  .  .  .  An individual who is not officially charged with a federal offense . . . has not been arrested for the purposes of § 3161(b)."  *Id.*  As of March 25, 2005, federal agents had yet to file a federal complaint against the defendant. Thus, his arrest on March 25th was not a federal arrest and did not trigger § 3161(b).

The first federal contact with the defendant occurred on March 30, 2005, when he was questioned by Special Agent Carl Richard Jessen of the Bureau of Alcohol, Tobacco, Firearms and Explosives.  This contact did not trigger § 3161(b) because mere questioning does not constitute a federal arrest.  *See id.* at 1493-94.

At some point after questioning the defendant, Special Agent Jessen spoke with an Assistant United States Attorney concerning the merits of a federal prosecution.  Jessen received approval to proceed. On April 29th, he filed a federal complaint against the defendant. The defendant was arrested the same day.  Less than 30 days later -- May 10th to be exact -- the government filed the indictment.  As a result, the government did not violate § 3161(b).

There is an exception to the federal-arrest rule.  An accused may invoke the exception by demonstrating that federal authorities arranged for their state counterparts to detain him solely for the purpose of bypassing the requirements of the Speedy Trial Act.  *See id.*  By March 30th, Special Agent Jessen had begun to assist state authorities with the state prosecution.  However, his involvement in the state prosecution was limited to providing investigative assistance.  There is no evidence that either he or any other federal

ORDER DENYING MOTION TO DISMISS FOR FAILURE TO FILE INDICTMENT
WITHIN 30 DAYS OF ARREST - 2

actor attempted to influence the state decision-making process.

Consequently, the defendant does not qualify for the exception to the

federal-arrest rule.  *See id.* at 1494-95.

**IT IS HEREBY ORDERED:**

The defendant's two motions to dismiss on the ground that the

government failed to file the indictment within 30 days of his arrest

(**Ct. Rec. 77, 271**) are denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby

directed to enter this order and furnish copies to counsel.

**DATED** this ___17th___ day of August, 2007.

        s/ Fred Van Sickle
        Fred Van Sickle
        United States District Judge

ORDER DENYING MOTION TO DISMISS FOR FAILURE TO FILE INDICTMENT
WITHIN 30 DAYS OF ARREST - 3