UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>MATTHEW R. DESCAMPS,<br><br>                    Defendant. | No. CR-05-104-FVS<br><br>ORDER DENYING MOTIONS TO DISMISS BASED UPON INEFFECTIVE ASSISTANCE OF COUNSEL |

**THIS MATTER** comes before the Court based upon the defendant's multiple motions to dismiss the indictment based upon ineffective assistance of counsel. He is represented by Jeffrey S. Niesen; the government by Stephanie Whitaker.

**BACKGROUND**

The defendant has filed multiple motions alleging that he was denied constitutionally effective assistance of counsel by his first two attorneys. Three themes flow through his motions. One theme is that his former attorneys failed to consult with him. Another theme is that his former attorneys failed to develop potential defenses. A third theme is that his former attorneys disobeyed his instructions to cease questioning his competence to stand trial.

**STANDARD**

The defendant's allegation of ineffective assistance is governed by a familiar standard. To begin with, he must demonstrate that his

ORDER DENYING MOTIONS TO DISMISS BASED UPON INEFFECTIVE ASSISTANCE OF COUNSEL - 1

former attorneys' performance was deficient.  Furthermore, he must demonstrate that he suffered some material prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)

**CONSULTATION AND INVESTIGATION**

During April of 2007, Jeffrey S. Niesen was appointed to represent the defendant at public expense.  This is the defendant's third court-appointed attorney.  As near as the Court can tell, Mr. Niesen has consulted regularly with his client.  In addition, he has hired an investigator who has spent a substantial amount of time working on the case.  Given these circumstances, the defendant has suffered no prejudice as a result of his former attorneys' alleged failure to consult with him or to develop potential defenses.

**DISOBEYING CLIENT'S INSTRUCTIONS**

Despite the defendant's strenuous objections, his first two attorneys asked the Court to determine his competence to stand trial. He argues that, by doing so, they deprived him of effective assistance of counsel.  He is incorrect.  It is widely understood that, in a criminal case, an attorney must abide the decision his client makes with respect to three fundamental issues:  whether to plead guilty, whether to waive his right to a jury trial, and whether to testify. *See, e.g., Washington Rule of Professional Conduct* 1.2(a) ("In a criminal case, the lawyer shall abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify.").  The defendant has failed to cite a single decision, much less precedent,

ORDER DENYING MOTIONS TO DISMISS BASED UPON INEFFECTIVE ASSISTANCE OF COUNSEL - 2

which holds that an attorney must abide his client's instructions to ignore significant evidence indicating that the client is not competent to stand trial.  In any event, the defendant suffered no prejudice from his former attorneys' actions.  On April 2, 2007, the Court ruled that he is competent to stand trial.  A jury trial is scheduled to begin on September 10th.

**IT IS HEREBY ORDERED:**

The defendant's multiple motions to dismiss the indictment based upon ineffective assistance of counsel (**Ct. Recs. 68, 142, 184, 210, 216, 221, and 263**) are denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___17th___ day of August, 2007.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge

ORDER DENYING MOTIONS TO DISMISS BASED UPON INEFFECTIVE ASSISTANCE OF COUNSEL - 3