UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

MATTHEW R. DESCAMPS,

              Defendant.

No. CR-05-104-FVS

ORDER DENYING MOTION TO DISMISS FOR INSUFFICIENT EVIDENCE

**THIS MATTER** comes before the Court based upon the defendant's motion to dismiss the indictment for insufficient evidence. He is represented by Jeffrey S. Niesen; the government by Stephanie Whitaker.

    **BACKGROUND**

    The defendant argues that the government will be unable to provide sufficient corroboration of his confession in order to satisfy the requirements of the corpus delicti rule.[1]  Without his confession, says the defendant, the government will be unable to prove all of the elements of the crime charged.  Accordingly, the defendant moves to dismiss.

---

    In *United States v. Lopez-Alvarez*, 970 F.2d 583 (9th Cir.1992), the Ninth Circuit held that the corpus delicti rule has two parts:  First, the government "must introduce sufficient evidence to establish that the criminal conduct at the core of the offense has occurred.  Second, [the government] must introduce independent evidence tending to establish the trustworthiness of the admissions, unless the confession is, by virtue of special circumstances, inherently reliable."  *Id.* at 592.

ORDER DENYING MOTION TO DISMISS FOR INSUFFICIENT EVIDENCE - 1

**RULING**

The defendant's motion is denied.  To begin with, the Court lacks enough information at this juncture to determine whether the government can satisfy the requirements of the corpus delicti rule. *Cf. Luce v. United States*, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) ("A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context.").  Moreover, as the government points out, the defendant's motion to dismiss based upon insufficient evidence is premature.  Neither Rule 12(b)(2) nor any other Federal Rule of Criminal Procedure authorizes a motion for summary judgment in a criminal case.  *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996) (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir.1992) (per curiam)).  Thus, when a defendant moves to dismiss based upon the government's alleged inability to prove an element of the charge, a district court must determine whether the issue raised by the defendant's motion is "entirely segregable from the evidence to be presented at trial."  *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), (internal punctuation and citations omitted), *cert. denied*, 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986).  If resolution of the motion "is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred."  *Id.* (internal quotation and citations omitted).  This is such a case.

**IT IS HEREBY ORDERED:**

The defendant's "Motion to Dismiss for Insufficient Evidence" (**Ct. Rec. 74**) is denied as premature.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   17th   day of August, 2007.

s/ Fred Van Sickle
Fred Van Sickle
United States District Judge

ORDER DENYING MOTION TO DISMISS FOR INSUFFICIENT EVIDENCE - 2