UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

MATTHEW R. DESCAMPS,

             Defendant.

No. CR-05-104-FVS

ORDER DENYING MOTION TO DISMISS ON SIXTH AMENDMENT GROUNDS

**THIS MATTER** comes before the Court based upon the defendant's motion to dismiss on the ground that he has been deprived of his Sixth Amendment right to a speedy trial. He is represented by Jeffrey S. Niesen; the government by Stephanie Whitaker.

**BACKGROUND**

The defendant was arrested by deputy sheriffs on March 25, 2005. He was released from state custody on April 28, 2005. The next day, he was arrested on a federal warrant. On May 10, 2005, the government filed an indictment charging him with being a felon in possession of a firearm and ammunition. 18 U.S.C. § 922(g)(1). On June 29, 2005, the defendant's attorney, Christina Hunt, requested an evaluation of his competence to stand trial. 18 U.S.C. § 4241(a). She made the request over his objection. The Court granted her request. Thereafter, the relationship between the defendant and Ms. Hunt deteriorated. On

ORDER DENYING MOTION TO DISMISS ON SIXTH AMENDMENT GROUNDS - 1

October 11, 2005, the Court allowed her to withdraw.  Phillip Wetzel
was appointed to represent the defendant.  He, too, questioned the
defendant's competence and arranged for a psychological evaluation.
The psychologist who performed the evaluation concluded that the
defendant has sustained brain damage that prevents him from forming a
constructive relationship with his attorney.  According to the
psychologist, the damage is the result of a prior concussion and
prolonged use of controlled substances.  On February 22, 2006, the
Court held a competency hearing.  18 U.S.C. § 4241(c).  The Court
ruled that the government had failed to prove competence.  18 U.S.C. §
4241(d).  As a result, the Court directed the Attorney General to
assess whether Mr. Descamps' could become competent.  18 U.S.C. §
4241(d)(1).  The Attorney General sent him to the U.S. Medical Center
for Federal Prisoners in Springfield, Missouri.  The defendant
appealed the Court's order.  Attorney Philip Nino was appointed to
assist with the appeal.  The defendant arrived at the Springfield
facility on March 23, 2006.  Given his appeal, the staff of the U.S.
Medical Center was uncertain how to proceed.  On October 12, 2006, the
Warden of the facility asked for an extension of the defendant's
commitment until November 17th.  He said a report would follow shortly
thereafter.  The Court granted the Warden's request.  Although the
defendant left Springfield on December 6th, the staff did not submit
its report until February 2, 2007.  The Court held competency hearings
on February 12th and February 27th.  On March 26, 2007, the Ninth

ORDER DENYING MOTION TO DISMISS ON SIXTH AMENDMENT GROUNDS - 2

Circuit denied the defendant's interlocutory appeal of the Court's order referring him for hospitalization.  On April 2nd, the Court ruled that the defendant is competent to stand trial.  By then, the defendant's relationship with Mr. Wetzel had deteriorated.  On April 20th, the Court allowed him to withdraw.  Jeffrey S. Niesen was appointed to represent the defendant.

**RULING**

The defendant claims he has been deprived of his Sixth Amendment right to a speedy trial.  In order to determine whether he is correct, the Court must balance four factors.  *See Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520 (1992) ("(1) whether delay before trial was uncommonly long, (2) whether the government or the defendant is more to blame for that delay, (3) whether, in due course, the defendant asserted his right to a speedy trial, and (4) whether the defendant suffered prejudice because of the delay" (citing *Barker v. Wingo*, 407 U.S. 514, 533, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972))).

The first factor is the length of delay.  Over 27 months have elapsed since the government filed the indictment.  A delay of 27-plus months is sufficient to require judicial review.  *United States v. Gregory*, 322 F.3d 1157, 1162 n.3 (9th Cir.2003) ("there is a general consensus among the courts of appeals that eight months constitutes the threshold minimum").

The second factor is responsibility for the delay.  Most of the

ORDER DENYING MOTION TO DISMISS ON SIXTH AMENDMENT GROUNDS - 3

delay is attributable to the defendant's behavior.  Given the manner

in which he behaved, Ms. Hunt became concerned that he was not

competent to stand trial.  She felt compelled to seek a competency

evaluation.  Once that occurred, delay was inevitable.  18 U.S.C. §

4241(a) ("The court *shall* grant the motion, or *shall* order such a

hearing on its own motion, if there is reasonable cause to believe

that the defendant may presently be suffering from a mental disease or

defect rendering him . . . unable . . . to assist properly in his

defense") (emphasis added)).  Although some delay was inevitable, the

defendant substantially increased the extent of the delay.  Not only

did he refuse to cooperate with either Ms. Hunt or Mr. Wetzel, but he

behaved discourteously.  This impeded the Court's ability to resolve

the dispute over his competence to stand trial.  It was not until

April 2, 2007, that the Court was able to rule.  Had the defendant

been willing to work with Mr. Wetzel at that point, a trial could have

been held in short order; but he was not.  Less than a month after the

Court determined that the defendant is competent to stand trial, a new

attorney was appointed.  This delayed trial.

Although the defendant is responsible for most of the delay, he

is not solely responsible.  At least some of the delay is attributable

to the government.  The staff of the U.S. Medical Center for Federal

Prisoners took more than ten months to complete a report that should

have been completed in eight months or less.  18 U.S.C. §

4241(d)(1),(2) (the Court committed the defendant for a four-month

ORDER DENYING MOTION TO DISMISS ON SIXTH AMENDMENT GROUNDS - 4

period and later granted a four-month extension of the commitment). There are several reasons for the staff's delay in submitting its report, one being that the defendant appealed the Court's order directing the Attorney General to conduct an evaluation.  Even so, at least some of the delay appears to be attributable to the staff's inability to complete an important task in a timely manner.

The third factor is the defendant's assertion of his right to a speedy trial.  This is undisputed.  From the beginning, he has repeatedly sought to enforce his statutory right to a speedy trial.

The fourth factor is prejudice; in particular, prejudice that has been caused by delay that is attributable to the government.  *Cf. Doggett*, 505 U.S. at 657-58, 112 S.Ct. at 2694 ("[t]he portion of the delay attributable to the Government's negligence far exceeds the threshold needed to state a speedy trial claim").  Here, the only delay that is attributable to the government is that which occurred as a result of the tardiness of the staff of the U.S. Medical Center for Federal Prisoners in completing its work.  A report that should have been submitted to the Court in eight months or less was not submitted for more than ten months.  The difference between when the report should have been submitted and when it was submitted -- a period of between two and three months -- is chargeable to the government. However, a delay of three months or less is insufficient to create a presumption of prejudice.  The defendant must show actual prejudice. *See Gregory*, 322 F.3d at 1163 (22-month delay "not long enough to

ORDER DENYING MOTION TO DISMISS ON SIXTH AMENDMENT GROUNDS - 5

excuse Gregory from demonstrating actual prejudice"). In that regard, he alleges that the delay has made him anxious, less able to control his emotions, and less willing to follow his attorney's advice. Furthermore, he alleges that he is having trouble remembering what occurred on March 25, 2005, including the names of persons who might be able to provide exculpatory evidence. He alleges that potential witnesses have drifted away and that, even should he locate one, the person's memory of the event likely will have faded with the passage of time.

Of the four factors listed above, two weigh in the defendant's favor. Over 27 months have elapsed since the indictment was filed, and during that period, the defendant has consistently sought his day in court. Nevertheless, while these circumstances deserve careful consideration, they do not weigh heavily in his favor because 27 months is not an excessive amount of time by Sixth Amendment standards. *See, e.g., Gregory*, 322 F.3d at 1162 (22 months). The two remaining factors weigh heavily against the defendant. By refusing to cooperate with his first two attorneys, and by treating them in a discourteous manner, he delayed by many months both a determination that he is competent to stand trial and the advent of trial itself. Granted, the government is not blameless; but the delay attributable to the government's tardiness -- three months at most -- is small. If the defendant has suffered any prejudice as a result of delay for which the government is responsible (and it questionable whether he

ORDER DENYING MOTION TO DISMISS ON SIXTH AMENDMENT GROUNDS - 6

has), the prejudice he has suffered is too mild to give rise to a constitutional violation.  In sum, he has not been deprived of his right to a speedy trial as guaranteed by the Sixth Amendment.

**IT IS HEREBY ORDERED:**

The defendant's motion to dismiss on the ground that he has been deprived of his Sixth Amendment right to a speedy trial (**Ct. Rec. 273**) is denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___4th___ day of September, 2007.

___s/Fred Van Sickle___
Fred Van Sickle
United States District Judge

ORDER DENYING MOTION TO DISMISS ON SIXTH AMENDMENT GROUNDS - 7