UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

       v.

MATTHEW R. DESCAMPS,

                Defendant.

No. CR-05-104-FVS

ORDER DENYING MOTION TO
RECONSIDER AND MOTION TO
QUASH

**THIS MATTER** came before the Court based upon the defendant's motion for reconsideration and the government's motion to quash a subpoena duces tecum.  The defendant is represented by Jeffrey S. Niesen; the government by Stephanie Whitaker.

**PROCEDURAL HISTORY**

The defendant moved to dismiss on the ground that the government failed to file the indictment within thirty days of the date upon which he was arrested.  18 U.S.C. § 3161(b).  On August 17, 2007, the Court denied the motion without oral argument.[1]  Believing that the Court had erred, the defendant did two things.  He served a subpoena duces tecum upon Assistant United States Attorney Tom Rice and moved the Court to reconsider its ruling.  In response, the government moved to quash the subpoena.  Both the government's motion to quash and

---

(Ct. Rec. 306.)

ORDER - 1

denied the defendant's motion for reconsideration came before the Court on September 4th.  This order serves to memorialize the Court's oral rulings.

**MOTION TO RECONSIDER**

A. Background

On March 25, 2005, the defendant was arrested by Stevens County deputy sheriffs without a warrant based upon probable cause to believe that he had violated the law of the State of Washington.  On March 30th, Special Agent Carl Richard Jessen of the Bureau of Alcohol, Tobacco, Firearms and Explosives questioned the defendant in the Stevens County Jail.  At some point thereafter, Agent Jessen asked an Assistant United States Attorney ("AUSA") to seek a federal indictment.  The AUSA agreed.  Once the decision was made, Agent Jessen advised John Troberg, a state prosecutor, of the government's plans.  The conversation occurred on or about April 20th.  Afterward, Mr. Troberg jotted a note concerning his conversation with Agent Jessen.  The government does not dispute the accuracy of Mr. Troberg's note.  During the conversation, Agent Jessen asked Mr. Troberg not to take "any quick pleas."  On April 29th, Special Agent Jessen filed a federal complaint.  The defendant was arrested the same day pursuant to a federal warrant.  On May 10th, a federal indictment was filed.

B. Ruling

Section 3161(b) of Title 18 provides that an indictment "shall be filed within thirty days from the date on which" the defendant was

arrested.  Not all arrests trigger 18 U.S.C. § 3161(b); only a "federal arrest" does.  *United States v. Benitez*, 34 F.3d 1489, 1493 (9th Cir.1994), *cert. denied*, 513 U.S. 1197, 115 S.Ct. 1268, 131 L.Ed.2d 146 (1995).  "A federal arrest requires that the defendant be detained pursuant to federal charges. . . .  An individual who is not officially charged with a federal offense . . . has not been arrested for the purposes of § 3161(b)."  *Id.*  Federal agents were not involved in the investigation that occurred on March 25th.  Nor had they filed a federal complaint.  Consequently, the defendant's arrest by state law enforcement officers on that date was not a federal arrest.  The first federal contact with the defendant occurred on March 30th, when he was questioned by Special Agent Jessen.  This event did not trigger § 3161(b) because mere questioning does not constitute a federal arrest.  *See id.* at 1493-94.  After March 30th, the defendant had no contact with federal agents until April 29th, when they arrested him on a federal warrant.  The indictment was filed on May 10th, less than 30 days after the defendant's federal arrest.  Given these essentially undisputed facts, the defendant cannot establish a violation of 18 U.S.C. § 3161(b) if the Court asks "When did a federal arrest occur?" and "When was the indictment filed?"  Although the defendant does not concede this point, neither does he contest it.  Instead, he focuses on an exception to the federal-arrest rule.  Time spent in state detention counts toward the 30-day period established by § 3161(b) if federal authorities arrange for their state counterparts to detain the

ORDER - 3

defendant solely for the purpose of bypassing the requirements of the Speedy Trial Act. *Benitez,* 34 F.3d at 1494. The defendant claims that Agent Jessen attempted to circumvent § 3161(b) by asking Mr. Troberg not to take a quick plea. It follows, according to the defendant, that the 30-day clock began to run on April 20th.

Agent Jessen's comments to Mr. Troberg arguably would have triggered § 3161(b) if, for example, the attorney who represented the defendant in state court was in the process of negotiating a plea agreement, but the prosecutor withdrew from negotiations because of Agent Jessen's request. But there is no indication that this occurred. Moreover, even if it had, the defendant cannot establish a violation of § 3161(b). Nothing occurred prior to April 20th that could have started the 30-day clock. The earliest that the 30-day clock could have started was April 20th. The government filed the indictment on May 10th, which as less than 30 days later. Thus, even if the clock started on April 20th, the government did not violate § 3161(b).

**MOTION TO QUASH**

The government moves to quash the defendant's subpoena arguing, among other things, that the defendant failed to comply with 28 C.F.R. § 16.23(c). (United States' Motion to Quash, at 3 (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951)). The government's argument raises a significant due process issue that neither party has addressed. *United States v.*

ORDER - 4

*Bahamonde*, 445 F.3d 1225, 1228-30 (9th Cir.2006) (similar regulation violated the reciprocal discovery rule established by *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973)).  However, the Court need not resolve the due process issue because there is no indication that AUSA Rice could provide any evidence which would help establish a violation of § 3161(b).

**IT IS HEREBY ORDERED:**

1. The defendant's motion for reconsideration (**Ct. Rec. 314**) is denied.

2. The government's motion to expedite (**Ct. Rec. 312**) is denied.

3. The government's motion to quash (**Ct. Rec. 311**) is denied as moot.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this    27th    day of September, 2007.


                    s/ Fred Van Sickle
                      Fred Van Sickle
                United States District Judge

ORDER - 5