UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW ROBERT DESCAMPS,<br><br>    Defendant. | No. CR-05-104-FVS<br><br>ORDER DENYING NEW TRIAL |

**THIS MATTER** came before the Court on November 20, 2007, based upon the defendant's motion for a new trial. He was represented by Jeffrey S. Niesen; the government by Assistant United states Attorney Stephanie Whitaker.

**BACKGROUND**

The defendant moves for a new trial. He is entitled to one "if the interest of justice so requires." Fed.R.Crim.P. 33(a).

**RULING**

The defendant argues that he was never arrested on a federal charge. He is incorrect. A Magistrate Judge issued an arrest warrant on April 29, 2005. On May 5, 2005, the United States Marshals Service filed a "Return" indicating that the arrest warrant had been executed.

The defendant argues that the government improperly charged possession of a firearm and possession of ammunition in a single count. He is incorrect. The government was obligated to bring both

ORDER DENYING NEW TRIAL - 1

allegations in a single count. *United States v. Keen*, 104 F.3d 1111, 1112, 1120 (9th Cir.1997) (government should have charged a single violation of 18 U.S.C. § 922(g) where officers found a sawed-off shotgun and several rounds ammunition in a hotel room).

The defendant argues that the Court improperly admitted his confession into evidence. He is incorrect. As the Court explained in its prior findings, conclusions, and orders, the manner in which the government obtained his incriminating statements did not violate the Sixth Amendment, the Fifth Amendment, or *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

The defendant argues that the Court improperly denied his motion to restrict the scope of the government's cross-examination in the event he testified. He is incorrect. The Court was well aware of the defendant's predicament. If he took the stand, he could not "refuse to answer questions regarding unprivileged matters reasonably related to his direct testimony." *United States v. Panza*, 612 F.2d 432, 438 (9th Cir.1980). For this reason, the decision to testify or refrain from testifying was "a very difficult one." *Id*. The defendant's attorney made a proffer concerning his client's anticipated testimony. The Court carefully considered it. Nevertheless, being well acquainted with the defendant's unpredictability, the Court could not be sure what he would say if, and when, he testified. *Cf. Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 463, 83 L.Ed.2d 443 (1984) (a ruling in limine "is subject to change when the case unfolds, particularly if the actual testimony differs from what was

ORDER DENYING NEW TRIAL - 2

contained in the defendant's proffer"). Given the uncertainty, the Court attempted to strike a reasonable balance between the competing interests. *Cf. Panza*, 612 F.2d at 438 ("[a]ccommodating conflicts between the defendant's interest in testifying and the need to insure truth through cross-examination is one of the trial judge's most important functions").

The defendant argues that comments which the Assistant United States Attorney made during her closing argument constitute prosecutorial misconduct. He is incorrect. Not only has he failed to demonstrate that he suffered actual prejudice, but also he has failed to identify a comment that allegedly was improper. *See United States v. Aichele*, 941 F.2d 761, 765 (9th Cir.1991) ("'To succeed on a motion for a new trial based on prosecutorial misconduct, a defendant must show first that the prosecution engaged in improper conduct and second that it was more probable than not that the prosecutor's conduct materially affected the fairness of the trial.'" (internal punctuation omitted) (quoting *United States v. Smith*, 893 F.2d 1573, 1583 (9th Cir.1990))).

The defendant argues that the evidence against him was so weak that the jury's verdict constitutes a miscarriage of justice. He is incorrect. In reviewing the record, the Court has kept in mind that its authority to grant a new trial is broader than its authority to grant judgment of acquittal. Not only is the Court "free to weigh the evidence and evaluate for itself the credibility of the witnesses," *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir.2000), but

ORDER DENYING NEW TRIAL - 3

also the Court may grant a new trial if it "'concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred[.]'" *Id.* (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir.1980)). This is not such a case. At trial, the government presented both direct evidence (*e.g.*, the eye-witness testimony of Kenneth Conners and the defendant's confession) and circumstantial evidence (*e.g.*, the testimony of Detective Brad Manke) that the defendant knowingly possessed a firearm which had been shipped in interstate commerce despite the fact that he previously had been convicted of a felony. The evidence against the defendant was not merely sufficient, but overwhelming.

**IT IS HEREBY ORDERED:**

1. The defendant's motion for a new trial (**Ct. Rec. 357**) is denied.

2. The defendant's objection (**Ct. Rec. 383**) is overruled.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___21st___ day of November, 2007.

                              s/Fred Van Sickle
                              Fred Van Sickle
                       United States District Judge

ORDER DENYING NEW TRIAL - 4