UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW R. DESCAMPS,<br><br>　　　　　Defendant. | No. CR-05-104-FVS<br><br>ORDER DISMISSING MOTION TO VACATE |

**THIS MATTER** comes before the Court without oral argument based upon the "United States' Motion for Clarification and Extension of Time." The United States is represented by Stephanie Van Marter. The defendant is representing himself.

**BACKGROUND**

A jury found the defendant guilty of unlawfully possessing a firearm and/or ammunition. 18 U.S.C. § 922(g)(1). The Court found he fell within the scope of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and sentenced him to a term of 262 months imprisonment. He appealed the ACCA finding. While his appeal was pending, he filed two pro se motions seeking relief under 28 U.S.C. § 2255. The Court dismissed both motions without prejudice at the government's request because, "[e]xcept under most unusual circumstances, . . . no defendant in a federal criminal prosecution is

Order - 1

entitled to have a direct appeal and a § 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence." *Jack v. United States*, 435 F.2d 317, 318 (9th Cir.1970), *cert. denied*, 402 U.S. 933, 91 S.Ct. 1530, 28 L.Ed.2d 867 (1971).  On January 10, 2012, the Ninth Circuit affirmed this Court's ACCA finding.  The Clerk of the Ninth Circuit issued the mandate on March 7th.  On March 19th, the defendant petitioned the Supreme Court for a writ certiorari.  On June 21st, he filed a document with the District Court Executive of the Eastern District of Washington that this Court construed as a request for relief under 28 U.S.C. § 2255.  On June 25th, the Court directed the United States to respond.  On July 28th, the United States filed a motion asking the Court to clarify its order of June 25th.  As the United States observes, the Supreme Court has not acted upon the defendant's petition for a writ of certiorari.  Thus, his conviction has not become final.  Given that circumstance, the United States thinks a § 2255 motion is premature.  The United States doesn't specifically move for dismissal of the pending § 2255 motion, but that is the relief the United States seems to be seeking.

**RULING**

Except in extraordinary situations, a federal prisoner may not file § 2255 motion while his direct appeal is pending.  *Jack*, 435 F.2d at 318.  To date, the Supreme Court has not acted upon the defendant's certiorari petition.  Consequently, the United States is correct.  The judgment he is challenging is not final.  His § 2255 motion is

Order - 2

Case 2:05-cr-00104-RMP   Document 502   Filed 08/01/12

premature and must be dismissed.[1]

**IT IS HEREBY ORDERED:**

1. The United States' "Motion to Expedite" (**ECF No. 500**) is granted.

2. The "United States' Motion for Clarification and Extension of Time" (**ECF No. 499**) is granted in part.  ECF No. 489 is dismissed without prejudice.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, furnish copies to the defendant and to counsel for the United States, and close the case.

**DATED** this ___1st___ day of August, 2012.

<div style="text-align:center">

s/Fred Van Sickle
Fred Van Sickle
Senior United States District Judge

</div>

---

[1] Given this ruling, the Court need not address the United States' suggestion that the instant motion to vacate is a second or successive motion for purposes of 28 U.S.C. § 2255(h).  *Cf. Stewart v. Martinez-Villareal*, 523 U.S. 637, 643, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998) (a habeas claim that is dismissed as premature "should be treated in the same manner as the claim of a petitioner who returns to a federal habeas court after exhausting state remedies").

Order - 3